**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**JASON ONTERIA MASON**                                                                                           **PLAINTIFF**

**v.**                                                                                           **CIVIL ACTION NO. 3:12CV-P794-H**

**JOHN DOE #1** *et al*.                                                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Jason Onteria Mason, a pretrial detainee proceeding *in forma pauperis*, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). He also filed some documents which he labeled Exhibits A-C (DN 8). The Court construes these documents as a motion to amend the complaint. Construed as such, the motion (DN 8) is **GRANTED**.

This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will allow the Fourteenth Amendment denial of medical treatment claims to proceed against all Defendants in their official capacities and Defendant Jane Doe #2 and Defendant Jane Doe #3 in their individual capacities. All other claims will be dismissed from this action.

### I. SUMMARY OF CLAIMS

Plaintiff brings this action against four Defendants: 1) John Doe #1, the President of Corizon;[1] 2) Jane Doe #2, the director of nurses, employed by Corizon; 3) Jane Doe #3, a nurse employed by Corizon; and 4) Mark Bolton, Director[2] of the LMDC. Plaintiff indicates that he is suing each Defendant in his or her individual and official capacities.

---

[1] According to the Louisville Metro Department of Corrections [LMDC] Fact Sheet-Data from 2012, the LMDC contracts with Corizon, a private corporation, to provide medical services for the LMDC.

[2] Although Plaintiff identifies Mark Bolton as the Warden of the LMDC, the Court takes judicial notice that his correct title is Director.

Plaintiff states that since his incarceration began on August 25, 2012, he has experienced frequent anxiety attacks. He describes these attacks as follows: "having top problems taking in Social Atmospheres-Nervousness-scared to be around people-my mind running all the time-small amounts of sleep-sweetie plams clamie-just over all discomfort all a round." Plaintiff states,

> I sent out a health request to Corzion on the re occurring Issue on. 9-1-2012 I was seen by a nurse Jane Doe #3 on 10-5-2012. I told the nurse my Health problems . . Jane Doe #2 told me there was nothing that she could do for me staying that I would of have had been seen by a healthcare provider on the outside to be able to receive health care in jail. This didn't help my health problem.

Plaintiff filed a grievance with the LMDC, which is dated October 5, 2012, about his anxiety and alleged lack of proper health care. In his grievance he states that on September 1, 2012, he requested to see someone about his anxiety. Therein, Plaintiff describes his symptoms as follows: "I have a problem talking get sweats-I get really nervous around people. Plus I cann't sleep." In his grievance Plaintiff states that he did not see anyone until October 5, 2012, and that the nurse he saw "told him there wasn't any thing she could do for me and sent me back to my dorm." Plaintiff complained that he was not being given access to medical treatment. Angeleta Hendrickson responded to Plaintiff's grievance as follows: "We do not prescribe medication for sleep. We will add you to the Psychiatry Sick Call list to be seen by the doctor."

Plaintiff contends that Defendants are responsible for his health care and that he was not seen for over a month after he initially requested to be seen by medical. When he was finally seen, according to Plaintiff, he was denied treatment. As relief, Plaintiff requests monetary and punitive damages.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Individual-Capacity Claims Against Defendants Bolton and John Doe #1*

Plaintiff appears to seek to hold Defendant Bolton liable based on his position as Director of the LMDC, and Defendant John Doe #1 liable based on his position as President of Corizon. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Serv*s. *of the City of N.Y.*, 436 U.S. 658, 691 (1978); *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see Shehee v. Luttrell*, 199 F.3d at 300 (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). To state a claim for relief, Plaintiff must show how each Defendant is accountable because that Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*,

4

423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d at 292 (stating "officials are liable for damages under [§ 1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

Here, Plaintiff fails to plead any wrongdoing committed by either Defendant Bolton or Defendant John Doe #1. Nothing in the complaint sets forth any personal involvement by either of these Defendants in the alleged unconstitutional denial of medical treatment for Plaintiff. Plaintiff, therefore, has failed to state a claim upon which relief may be granted against Defendants Bolton and John Doe #1.

Accordingly, the individual-capacity claims against Defendants Bolton and John Doe #1 will be **DISMISSED** from this action.

### B. *Individual-Capacity Claims Against Defendants Jane Doe #2 and Jane Doe #3*

Plaintiff alleges that he suffered from frequent anxiety attacks after being incarcerated at the LMDC. He describes these attacks as follows: "having top problems taking in Social Atmospheres-Nervousness-scared to be around people-my mind running all the time-small amounts of sleep-sweetie plams clamie-just over all discomfort all a round." He alleges he requested to be seen by someone for this medical issue on September 1, 2012. According to Plaintiff he was not seen until over a month later, October 5, 2012. At that time he was seen by Jane Doe #3 to whom Plaintiff told his "Health problems" and was informed by Jane Doe #2, the director of nurses, that he "would of have had been seen by a healthcare provider on the outside to be able to receive health care in jail." Plaintiff states that he was denied health services.

Plaintiff was a pretrial detainee at the time of the events alleged. As such, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). However, "[t]he Due Process Clause

of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cnty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010); *Watkins v. City of Battle Creek*, 273 F.3d at 685-86 ("Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners."). "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "In the context of medical care for prisoners and detainees, it is well established that 'deliberate indifference to a prisoner's [or detainee's] serious illness or injury states a cause of action under § 1983.'" *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) (alteration in original).

On initial review the Court will allow the medical treatment claim against Defendant Jane Doe #2 and Defendant Jane Doe #3 in their individual capacities to proceed at this point.

## C. *Official-Capacity Claims*

Plaintiff sues Defendant Bolton in his official capacity as the Director of the LMDC. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendant Bolton in his official capacity is the equivalent of suing his employer, the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing

6

clerk's employer, the county); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the chief of the county police department sued in his official capacity is a suit against the county police department, an entity which may not be sued, the county is the proper party); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Similarly, an official-capacity suit against Defendants John Doe #1 and Jane Does #2 and #3 is the equivalent of suing their employer Corizon. "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). For purposes of initial review, the Court will assume, without deciding, that Corizon is a state actor. A private corporation, like Corizon, "is not liable under § 1983 for torts committed by [its] employees] when such liability is predicated solely upon a theory of *respondeat superior*." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996).

Plaintiff has alleged that Jane Doe #2 informed him that he could not receive health care at the LMDC unless he had previously been seen by an outside health care provider. Since it is unclear whether Plaintiff is alleging this policy is that of the county or Corizon, the Court will allow the official-capacity claims to proceed against both entities at this time.

### D. *Claims Against the John and Jane Doe Defendants*

The Court has allowed various claims to proceed against all Defendants. This includes three Defendants that are identified as John or Jane Doe. As to John Doe #1, Plaintiff identifies him as the President of Corizon. He has been sufficiently identified for purposes of making service upon him. This is not the case for Defendants Jane Does #2 and #3. The Court notes that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m).

Because Plaintiff is proceeding *in forma pauperis*, the Court will count the 120 days from the date of this Memorandum Opinion and Order. Accordingly, **Plaintiff has 60 days from the date of this Memorandum Opinion within which to move to amend his complaint to name specific Defendants or show good cause for his failure to do so.** Plaintiff is put on notice that his failure to meet the requirements of the federal rules could **result in dismissal** of this action as to the Jane Doe Defendants.

## IV. ORDER

**IT IS ORDERED** that the Fourteenth Amendment denial of medical treatment claims will proceed against all Defendants in their official capacities and Defendant Jane Doe #2 and Defendant Jane Doe #3 in their individual capacities.

**IT IS ORDERED** that Plaintiff has **60 days from the date of this Memorandum Opinion and Order within which to move to amend his complaint to identify Jane Doe # 2 and Jane Doe #3 or show good cause for his failure to do so**. Plaintiff is warned that his failure to do so **may result in dismissal** of the claims against them.

**IT IS FURTHER ORDERED** that **all other claims are DISMISSED** from this action.

The Court passes no judgment on the merits or ultimate outcome of this case. The Court will enter a separate Scheduling Order governing the development of the continuing claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4412.003