UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JASON ONTERIA MASON                                                                    PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:12CV-P794-H

JOHN DOE #1 *et al*.                                                                 DEFENDANTS

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's motion for appointment of counsel (DN 44).

In a civil case such as this action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted). The district court's decision "will be overturned only when the denial of counsel results in fundamental

---

[1]Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

unfairness impinging on due process rights." *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations and internal quotation marks omitted).

Plaintiff states that he is without the necessary funds to retain counsel. He also states that he is incarcerated and the facility in which he is incarcerated does not have the ability to provide him the research materials he needs to prepare his case.

As Plaintiff is a prisoner, the Court conducted an initial review of the complaint in accordance with 28 U.S.C. § 1915A. After performing its review, the Court allowed a Fourteenth Amendment denial of medical treatment claim to proceed against each Defendant. The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this stage in the litigation. Further, based on a review of the documents filed by Plaintiff, it appears that Plaintiff is able to represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this time. Accordingly,

**IT IS ORDERED** that the motion for appointment of counsel (DN 44) is **DENIED**. Nothing in this Memorandum and Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should circumstances arise to justify such an appointment.

Date:

cc: Plaintiff, *pro se*
　　　Defendant Haskins
　　　Counsel of Record for Defendants
4412.003

2