# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JASON ONTERIA MASON**                                                   **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 3:12CV-P794-H**

**JOHN DOE #1** *et al*.                                              **DEFENDANTS**

## MEMORANDUM AND ORDER

Before the Court is a motion to dismiss filed by Corizon, Inc. and Corizon Health, Inc. [Corizon Entities][1] (DN 26). Plaintiff did not respond to the motion to dismiss, but did file a motion for an extension of time (DN 45) in which he seeks to "extend time to respond to All of defendants Motions filled on the record." A review of the record in this case reveals that the only pending motion at the time Plaintiff sought the extension was the Corizon Entities' present motion to dismiss. As the Court does not need Plaintiff's response in order to rule upon the Corizon Entities' motion to dismiss, Plaintiff's motion to extend time to respond (DN 45) is **DENIED**.

In their motion to dismiss, the Corizon Entities request the Court to dismiss this action as to them for improper service and lack of personal jurisdiction, or alternatively, to dismiss the complaint for failure to state a claim as to the Corizon Entities. In support of their request to dismiss for improper service and lack of personal jurisdiction, the Corizon Entities argue that Plaintiff did not name them in either the body or caption of his complaint. They state that "even if the Court has determined that it is appropriate to proceed with the alleged official capacity claims against the [Doe Defendants], this does not lead to the inevitable conclusion that Corizon

---

[1] The Court will collectively refer to Corizon, Inc. and Corizon Health, Inc. as the Corizon Entities for purposes of this motion.

Entities must be added *sua sponte* by the Court as 'Defendants.'" The Corizon Entities contend that if Plaintiff is able to prove his official-capacity claims, suing the John and Jane Doe Defendants in their official capacities is sufficient to hold the Corizon Entities liable as the real party or parties in interest. Alternatively, the Corizon Entities seek dismissal of this action for failure to state a claim. In support thereof, they argue that "there are **no** allegations specifically directed at the Corizon Entities, independent of those potentially alleged against the individual Defendants i.e. the John Doe and Jane Does. . . . There are no causes of action or any factual allegations of wrongful conduct directed at the Corizon Entities as a named Defendant."

The Court will first address the Corizon Entities' request to dismiss for failure to state a claim. Plaintiff specifically sued each Defendant in his or her individual and official capacities. The Court performed its initial review of the complaint pursuant to 28 U.S.C. § 1915A and allowed the Fourteenth Amendment denial of medical treatment claims to proceed against all Defendants in their official capacities and Defendant Jane Doe #2 and Defendant Jane Doe #3 in their individual capacities. In his complaint Plaintiff alleged that he was informed by a Corizon employee that he could not receive health care at the Louisville Metro Department of Corrections unless he had previously been seen by an outside health care provider. "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Considering that a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right, *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996); *Starcher v. Corr. Med. Sys., Inc.*,

7 F. App'x 459, 465 (6th Cir. 2001), the Court found that Plaintiff sufficiently alleged, at this early stage of this action, a possible policy or custom of a Corizon entity which caused a deprivation of Plaintiff's Fourteenth Amendment right to adequate medical treatment. The Corizon Entities have presented no reason for the Court to alter its conclusion at this time.

The Corizon Entities also request the Court to dismiss them from this action for improper service and lack of personal jurisdiction. They argue that service was improper upon them and that the Court incorrectly *sua sponte* added them as defendants in this action. The requested dismissal is unnecessary. In the context of a § 1983 action, a suit against an employee in his official capacity "imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). As to the official-capacity claims contained in Plaintiff's complaint against the Corizon employees, the real party in interest is the employer, the appropriate Corizon entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Although the Court understands how the Corizon Entities might conclude that they had been added as a party in this case by the Court, the Court did not direct the Clerk of Court to add any Corizon entity as a party to the docket of this action, but directed service to ensure that the proper Corizon entity received notice of the proceeding official-capacity claims for which the Corizon Entities may be the real party in interest.

For these reasons, the Corizon Entities' motion (DN 26) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
Defendant Haskins
Counsel for Defendants
4412.003