# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JASON ONTERIA MASON**                                                 **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:12CV-794-H**

**JOHN DOE #1** *et al*.                                                 **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Jason Onteria Mason filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). He also filed an application to proceed without prepayment of fees (DN 3) which was granted by the Court (DN 5). This case has been proceeding, and there are presently dispositive motions pending. However, on November 14, 2013, Plaintiff notified the Court that he had been released from incarceration and provided the Court with his address (DN 62). Accordingly, the Court entered an Order on November 27, 2013, directing Plaintiff to either pay the filing fee for this action or file a non-prisoner application to proceed without prepayment of fees within 30 days from entry of the Order (DN 66). The Order further stated that, "**Plaintiff is WARNED that failure to comply with this Order will result in dismissal of this action**." Over 30 days have passed since the entry of the Order, and Plaintiff has failed to pay the filing fee as directed by the Court's Order or file a non-prisoner application to proceed without prepayment of fees. Additionally, he has not filed any document with the Court explaining this failure or requesting additional time in which to comply. The Court's record reflects that he has simply taken no action regarding this matter.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with the Court's Order (DN 66) and has failed to take any action in this case subsequent to entry of the Order, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4412.003